**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KAYALA SAGUANSETHAKUL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-868-SLP |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | District Court of Oklahoma Cnty. |
| COMPANY, et al., | ) | Case No. CJ-2025-4781 |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 15]. Defendant State Farm Fire and Casualty Company (State Farm) has filed a Response [Doc. No. 18], Plaintiffs have filed a Reply [Doc. No. 19] and State Farm has filed a Sur- Reply [Doc. No. 24].[1] The matter is fully briefed and ready for decision. For the reasons set forth below, the Court GRANTS Plaintiffs' Motion and REMANDS this matter to state court.

**I.    Introduction**

This case arises from State Farm's denial of Plaintiffs' homeowner's insurance claim for alleged roof damage resulting from a hail and/or wind storm. Plaintiffs filed suit in the District Court of Oklahoma County, State of Oklahoma against State Farm and its agent, Steven Manuel d/b/a Steven Manuel Insurance Agency, Inc. (Manuel). The state-court Petition alleges claims in Count One and Two against State Farm for breach of contract and breach of the duty of good faith and fair dealing. The Petition alleges in Count

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

Three a claim against Manuel for negligent procurement of insurance. Finally, Count Four of the Petition alleges a claim against all Defendants for constructive fraud and negligent misrepresentation. *See* Doc. No. 1-8. Plaintiffs' claims are based on what he alleges to be a "systematic and pervasive Scheme" by State Farm and Manuel to deny claims like those submitted by Plaintiffs and to cause substantial harm to Plaintiffs. *Id.*, ¶ 1, 3, 4.

State Farm removed this case to federal court alleging that Manuel, who is non-diverse, has been fraudulently joined. Plaintiffs now move to remand this action to state court for lack of diversity jurisdiction, contesting State Farm's assertion of fraudulent joinder.

## II.    <u>Governing Standards</u>

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014). A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

If a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction under § 1332, such fraudulent joinder does not prevent removal. In such cases, the fraudulently joined defendant is ignored for the purpose of assessing complete diversity. *Dutcher v.*

2

*Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("When [fraudulent joinder] occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.").

The removing defendant faces a heavy burden of proving fraudulent joinder and all factual and legal issues are resolved in the plaintiff's favor. *Dutcher*, 733 F.3d at 988; *see also Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *2 (10th Cir. Apr. 14, 2000) (The Court must "resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." (citation omitted)).  To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Id*.

Under the "actual fraud" prong, a defendant must basically show that plaintiff "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177 at *2 (W.D. Okla. June 2, 2023) (quotation omitted).  Under the "inability to establish a cause of action" prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano*, 2000 WL 525592 at *1 (cleaned up).  "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at * 2; *see also Dutcher*, 733 F.3d at 988 (the question of fraudulent joinder is not to be confused with whether "plaintiffs have stated a valid claim"

3

against the allegedly fraudulently joined defendants); *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded.).

### III.    Factual Allegations

State Farm issued an insurance policy to Plaintiffs.  Manuel procured the policy as a "captive agent" for State Farm.[2]  Plaintiffs requested full replacement cost coverage from Manuel in the event of a loss, without exclusion of a weather-related loss.  Manuel did not inspect Plaintiffs' property, disclose any reasons why the property would be ineligible for the requested replacement cost coverage, or advise Plaintiffs that if the property had any defect or pre-existing damage, it would be excluded from replacement cost coverage.

Manuel was aware that State Farm has a widespread and pervasive scheme whereby it denies or underpays claims, even when wind and/or hail damage is clearly shown, by using a narrow and limited definition of what constitutes "hail damage" that is absent from the face of the policy.

Plaintiffs' roof was damaged by a specific weather event – a wind and/or hail storm. Plaintiffs submitted a timely claim but allege that State Farm "lowballed and discounted the damage to the roof and shingles."  Pet., ¶ 40.  Conversely, Plaintiffs' contractors determined that a total roof replacement was required.  *Id*.  Ultimately, State Farm denied

---

[2] "A 'captive agent' is an agent who generally sells only one company's policies to insureds."  *See, e.g., Miller v. Mill Creek Homes, Inc*., 97 P.3d 687, 689 n. 1 (Or. App. 2004).

Plaintiffs' claim and determined that damage to the front, right and left slopes of the roof was the result of "wear, tear, and deterioration." *Id*.

Plaintiffs allege that, in light of the pervasive scheme about which Manuel was fully aware, any coverage provided by the policy is illusory. Plaintiffs allege that Manuel's negligent conduct included procuring and renewing a policy that did not provide the scope of coverage as requested to fully restore their property back to its pre-loss condition. Plaintiffs allege a host of other conduct by Manuel to include failing to disclose that their home had some defect or pre-existing damage that would negate the full replacement cost coverage and would not meet all underwriting guidelines. Plaintiffs sustained damages as a result of Manuel's conduct.

## IV.    **Discussion**

This case is among multiple state-court cases removed to this judicial district under the Court's diversity-of-citizenship jurisdiction in which one or more Oklahoma citizens have sued State Farm. This Court has previously found that State Farm failed to meet its burden to establish fraudulent joinder on substantially similar allegations as those at issue here. *See Willard v. State Farm Fire & Cas. Co*., No. CIV-25-337-SLP, 2025 WL 2419274 (W.D. Okla. Aug. 21, 2025).[3] State Farm has addressed the Court's *Willard* decision in its

---

[3] In *Willard*, the Court consolidated eleven cases, finding the motions to remand filed in those cases "arise from a formulaic petition and the bases for requesting remand are premised on common questions of law and fact involving the issues of fraudulent joinder and diversity jurisdiction." *Id*. at *2. Other decisions have been issued relying on *Willard* to support finding a remand proper on substantially similar factual allegations and claims for relief. *See, e.g., Varner v. State Farm Fire & Cas. Co*., No. CIV-25-892-J, 2025 WL 3227779 (W.D. Okla. Oct. 29, 2025). Recently, another district judge consolidated seven cases involving State Farm and claims brought against it for negligent procurement and remanded those claims, similarly rejecting State Farm's

briefing.  The Court finds State Farm has failed to persuasively establish that the *Willard* decision is incorrect or otherwise that the facts alleged in this action require a different result.  The Court, therefore, adopts the rationale set forth in *Willard*.

> **A.  State Farm Has Not Met its Burden To Demonstrate Plaintiffs' Inability to Establish a Cause of Action for Negligent Procurement**

Plaintiffs' allegations could state a viable claim under Oklahoma law.  *See Swickey v. Silvey Cos*., 979 P.2d 266, 269 (Okla. Civ. App. 1999) (an insurance agent has a duty "to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss.");  *Rotan v. Farmers Ins. Group of Cos*., 83 P.3d 894, 895 (Okla. Civ. App. 2003) (An agent's duty "rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance policies generally.'" (quoting *Swickey*, 979 P.2d at 269)).

Factual questions exist as to Manuel's procurement conduct in relation to the scope of the insurance requested and promised, as compared to the insurance received, and Manuel's knowledge of and complicity in the alleged scheme.  As such, the Court cannot say that Plaintiffs have no possibility of succeeding. *Cf. Smoot*, 378 F.2d at 882 (finding joinder was fraudulent where the non-liability of the non-diverse defendant had been "established with *complete certainty upon undisputed evidence*" (emphasis added)); *Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964) (finding fraudulent joinder where

---

assertions that the non-diverse agents had been fraudulently joined. *See Coover v. State Farm Fire & Cas. Co*., No. CIV-25-334-PRW, 2025 WL 3470868 (W.D. Okla. Dec. 3, 2025).

the same proof alleged against the defendant and which appeared with "*complete certainty*" to be the sole basis of the plaintiff's claim was identical to proof the Oklahoma Supreme Court had judicially determined in another case was insufficient to impose liability (emphasis added)).

In so finding, the Court underscores that at this stage, Plaintiffs need not establish entitlement to relief, but only a "reasonable basis" that his claim might succeed.  *See Nerad,* 203 F. App'x at 913 ("A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.").  As the Tenth Circuit explained in *Dutcher*, this "does not mean that plaintiffs have stated a valid claim," "[b]ut the defendants needed to clear a high hurdle to prove something they have yet to prove, i.e., fraudulent joinder."  *Id.*, 733 F.3d at 989.

### B.      There is No Actual Fraud in the Pleading of Jurisdictional Facts

The Court further finds State Farm has failed to establish actual fraud in the pleading of jurisdictional facts.  State Farm primarily bases this argument on its contention that "this is one of an implausible (and increasing) number of cases against not only State Farm *but other insurers* by the same group of attorneys alleging dozens of agents from different companies made the same misrepresentations and underwriting failures, based on which those Oklahoma-based agents are also sued."  Resp. at 27 (emphasis in original).  The Court is not convinced.  As the Court has previously found, the fact that the Petition at issue may have been used as a template in the multiple other cases brought against State Farm is not, in and of itself, sufficient to establish actual fraud in the pleading of jurisdictional facts. *See Willard*, 2025 WL 2419274 at *5.

## V.    **Conclusion**

In sum, State Farm removed this action and asserted that Plaintiffs fraudulently joined Manuel, a non-diverse Defendant. But State Farm has failed to show that Plaintiffs have no possibility of recovering against Manuel on their negligent procurement claim.[4] State Farm's arguments in opposing remand are based on issues that are not capable of summary determination by the Court. Nor has State Farm shown actual fraud in the pleading of jurisdictional facts. Because State Farm has failed to meet its burden to show fraudulent joinder, the Court lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Doc. No. 15] is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to the District Court of Oklahoma County, State of Oklahoma.[5]

IT IS FURTHER ORDERED that the Clerk of Court is directed to take all actions necessary to effect the remand.

---

[4] The Court need not further consider whether State Farm has met its burden as to Plaintiffs' remaining claims. *See, e.g., Montano*, 2000 WL 525592 at * 2 ("[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable.").

[5] Any pending motions that remain are properly addressed by the state court on remand as this Court lacks jurisdiction to consider any pending substantive motion. *See, e.g., Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (vacating district court's post-removal substantive rulings where it lacked diversity jurisdiction because "it had no power to rule on any substantive motions").

IT IS SO ORDERED this 18th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE